Thank you. The next case called for a argument is People v. Hildenstein. Counsel. In this case, we ask your honors to reverse the order dismissing Mr. Hildenstein's post-conviction ruling. It's our contention that the court erred in granting the motion to dismiss the motion because Mr. Hildenstein presented a substantial showing of a constitutional violation. And that violation is that he was not advised of the mandatory supervised release period when he made his guilty plea. Procedurally, Mr. Hildenstein was granted to file a successive post-conviction petition raising the Whitfield issue, and counsel was appointed. Over the course of the petition, Mr. Hildenstein submitted a petition in which he requested that a defendant be allowed to withdraw his guilty plea. This petition was dismissed on the state's motion after the state obtained an order from the Prison Review Board which reports to strike the mandatory supervised release period. It's pretty clear that there's a constitutional violation in this case. Otherwise, the state wouldn't have bothered to go get this order trying to mitigate the MSR situation. We acknowledge that the Supreme Court's Morris decision has said that Whitfield claims cannot be raised in post-conviction petitions prior to Whitfield's actual release as a decision. However, it's our intention, one, that Morris is incorrectly decided to preserve that issue, and two, that the essence of the Whitfield violation, the involuntary guilty plea, is constitutional law that long predates Whitfield in that Mr. Hildenstein's claim is valid under Sanabella and the federal cases that come out of the Sanabella decision from the 1960s and 70s. In those cases, basically, a help and failure to advise a defendant of parole term in a plea bargain is a due process violation. And we know that it's clear in the record that Mr. Hildenstein did not get advice of his MSR when he gave the guilty plea. From this, we argue that he should, at the minimum, have an evidentiary hearing on his petition. Now, with regard to the retroactivity issue, as we say, Morris from the Supreme Court does say that the Whitfield claim can't be raised. However, the question of T retroactivity is an affirmative defense that the state raises, and the state can waive that claim. And T retroactivity is not raised in the circuit court in the post-conviction hearings as an argument that they waive any argument about retroactivity. The state's brief says, well, Morris wasn't out there when we were arguing in the circuit court, so we can't be held to have to argue retroactivity in the circuit court. But we know from our reply brief that the state was making the T retroactivity in the Morris case while this case was pending in the circuit court. So certainly, the prosecutors were aware that a retroactivity analysis was available. They chose not to make it in this case, and we would argue that, therefore, they waived that argument in this appeal. To go back to the fundamental point of this, Santabello says that you have to know about a parole term that you're going to serve when you make a plea bargain. Mr. Hillenstein's petition invokes the Santabello argument with regard to his plea being involuntary. And he claims that the benefit of the Santabello analysis in this case, and from that, he wants the opportunity to withdraw his guilty plea. He wants to withdraw his guilty plea because he believes that under current Illinois law, he has a valid affirmative defense to the murder charge due to the Supreme Court's So the steps that we're trying to achieve here are to have the plea withdrawn so that he may assert the affirmative defense in a trial. I guess lastly, what I'd like to talk about is the Prison Review Board order, which I've never seen anything like this. The hope by the appellate prosecutor who served as a special prosecutor in this case, I guess, was that they could mitigate the MSR violation by getting a declaration that Mr. Hillenstein won't have to serve supervised release when his prison term is up. I know of no basis for Mr. Hillenstein to be able to enforce this written document from the Prison Review Board. What about estoppel? I suppose he could say that they decided I'm not a threat to society, but I would argue that because the essence of the decision that the Prison Review Board is making is, is this man a danger when he's going to be released? Does he need to be under a watchful eye that they could evaluate in six years or eight years or ten years and say, we need to keep an eye on this guy and we're changing our decision here. And of course, our other argument is that statutorily, in theory, the order to make these orders could be taken away from them and this order could be annulled because the Review Board isn't a preacher of the legislature. So the order is unenforceable and it's subject to change. So it shouldn't be seen as a solution to the constitutional violation that occurred in this case. So, to sum up, Mr. Hillenstein did suffer a constitutional violation. He presented this in his petition, which made a substantial showing, and the decision to grant the state's motion to dismiss his error, and we'd ask that the court concur. Thank you, Counsel. Counsel? May it please the Court. Counsel, my name is Sharon Shanahan and I represent the people of the state of Illinois. I think there's one thing that we all agree on here is that under Morris, post-conviction petitions cannot bring a quick deal of complaints. So if Morris applies to this case, if Morris controls this case, the defendant cannot bring his post-conviction petition and it's properly dismissed. The defense counsel makes this argument about waiver, and while it is true that the state can waive the Teague Bar by not raising it, the state, as the respondent, is entitled to rely on any legal argument in support of this. So the fact that it wasn't raised below does not mean that because we have this law out there that it should be ignored. Moreover, this is definitely a case where plain error would apply if it is waived, because we now know that this is a case that does not apply retroactively. There's something interesting that I noticed today as I was preparing for this case. Retroactivity. The Morris case actually dealt with two cases, and I don't remember the second one, but it dealt with two cases, two post-conviction petitions, and the issue at trial, the issue on direct appeal, was, well, the trial court kind of sort of said something about MSR, but then when it got right down to it, he didn't say you're going to get some years and some years. That was the issue at trial. That was the issue on direct appeal. The applicability of Teague didn't come in until these cases were before the Illinois Supreme Court. The Illinois Supreme Court then applied a Teague analysis, and that's basically what I'm asking this court to do here. If the Supreme Court can do it when it wasn't even raised at the appellate court level, then certainly it can apply it here. Defense counsel relies on Santabello. Santabello was decided three decades ago. He does not address either in his reply brief or here before this court why, if Santabello has been out there for three decades, that this couldn't have been raised previously, and that's our rule in post-conviction petitions, is that if an issue could have been raised before and was not, then it cannot be raised now. So any reliance on Santabello is in effect inappropriate. It could have been raised before and it was not. And furthermore, I would note that although Whitfield may have its roots in Santabello, Santabello doesn't control such that a circuit court, considering the claim at the time defendant's conviction became final, would have felt compelled by that precedent to conclude that the rule was required by the Constitution, and that's what Santabello says. That's what Morris talks about in its cases. When do you feel compelled to do this? I think, though, you can almost forget about Morris in this case, because Whitfield violations deal with benefit of the bargain. They are contract cases. That's how they are decided. I'll give you this, you'll give me this. In this case, the bargain was, you will plead guilty to 20 years in exchange for which you That's exactly what the defendant has right now. He has a 20 year sentence and no mandatory supervised release. Now I'd like to read to you the discharge order for mandatory supervised release, which is contained on page C-163 in the record. It is captioned before the It is captioned Discharge Order from Mandatory Supervised Release. The above named inmate is due to be released from the custody of the Department of Corrections on June 4th, 2022, and will be 76 years old as of that date. The board has determined that following his release date, said inmate is likely to remain at liberty without committing another pursuant to 730 ILCS 5-3-3-8B. That inmate, Robert Hilton Stein, is hereby released and discharged from mandatory supervised release as of June 4th, 2022. How enforceable is that Our Supreme Court in People X. Rel. Abner v. Kinney has said that the parole board has the power to make final decisions in parole matters. The statute under which is cited in this record, I mean in this order, says that they have, that it is effective upon entry. That's 3-3-8C. It says the order of discharge is effective upon entry of the order of the board. It has been entered. It is effective. The statute goes on to say that the board shall notify the clerk of the court and the clerk of the court shall make an entry that the commitment has been satisfied pursuant to the order. Now let's go back to our original concept of Whitfield, which is that they're contract claims. If this order is entered, filed, pursuant to the statute, and in 2022 when Mr. Hilton Stein is released, somebody says, whether it's the parole department or someone else says, we've changed our minds. What does he have a breach of contract case then? The order is valid now. And it's like saying, I'm going to dismiss a trial court, say I'm going to dismiss a case. And then years later say, oh gosh, he got in trouble again. I've changed my mind. That's not the way the law works. When orders are filed pursuant to statute, entered pursuant to statute, filed pursuant to statute, they are enforceable. And it would take more than an arbitrary and depreciate decision of the parole board to say, we changed our mind. Now, defense counsel made a question that I sort of questioned. He said that the state had the parole board to enter this, the state got the parole board to enter this order. I don't recollect anything in the order, I mean, excuse me, in the record that says that the state got this done. I think a more realistic concept is that Whitfield, as this court knows very well, had widespread effect on a lot of convictions. And it would certainly make sense for the parole board to mitigate all of these cases, or not, to look at them and say, you know what, we can get rid of a whole bunch of these by entering orders like this. There is nothing to indicate that this is a unique and original order. There is nothing to indicate that this may not have been done in lots of cases. The order gives the defendant the benefit of the bargain. He has no more claim that he was denied anything in his guilty plea. And we would ask the court Is there any other questions? I don't think so. Thank you very much. Counsel? Your Honor, nothing to say that the PRB didn't just come up with this order as a matter of course to answer Whitfield claims, but there's nothing to say that they didn't. It's a situation where we've seen a lot of Whitfield issues, haven't seen orders like this. Mr. Rams was the special prosecutor in this case, and he filed this Prison Review Board order. I think it's reasonable to surmise that it seemed like a pretty clean way to resolve an issue based on the contract analysis of the state office. The problem with the contract analysis is it's not just about the benefit of the bargain. It's about his own guilty plea and the rights of the defendant when he makes that plea. Is it an own involuntary plea? He's got to know all the terms of the contract when he enters the bargain. Here he didn't. He didn't know about three years that he would be under supervised release when he made this deal. That's the basis of Whitfield. That's the basis of Santabella going all the way back. The constitutional violation remains, and it's our argument that Mr. Hildenstein has done enough here to merit an adventure hearing to present his claimant fault. Thank you, Your Honors. Thank you, Counsel. We appreciate the briefs and arguments. Counsel will take the case under advisement.